"Be it remembered, that at a Superior Court of Law begun and held for the county of Wake at the courthouse in Raleigh on the first Monday after the fourth Monday in March, A.D. 1824:
"Present, the Hon. John Paxton.
"A bill of indictment was found, etc."
A regular certificate of the clerk, under the seal of the court, accompanied this record to Franklin. When the cause was removed from Franklin to Warren, the clerk of Franklin transmitted to Warren papers certified under the seal of his court, as follows: "That the foregoing copy contains a full and correct transcript of records filed and had in the case therein stated." The prisoner was tried and convicted in Warren, and moved in arrest of judgment on two grounds: first, that the record and proceedings did not show that the indictment was taken before any court having cognizance thereof; and, second, that the Superior Court of Warren had no jurisdiction, there (411) being no transcript sent of the records of Franklin Superior Court. The motion in arrest was overruled, and sentence of death pronounced, from which there was an appeal to this Court; and now, it being understood that the prisoner was unable to employ counsel,
The result of a careful examination of this record is a belief that neither of the objections taken by the counsel of the prisoner can be sustained in point of law. In the first place, the (413) record avers that a Superior Court of Law was begun and held for the county of Wake, at the courthouse in Raleigh, on the *Page 229 
day which we know to be that appointed by law; and it further stated that a bill of indictment was returned into open court by the grand jury, with the indorsement "A true bill." Now, we know that by the public general law of the land a Superior Court cannot be held without the presence of one of the judges of those courts, and still less can a jury be constituted and a bill of indictment found by them. The record further states that at the same term the prisoners were brought to the bar, arraigned, and pleaded not guilty; that affidavits of two of them were made for the purpose of moving the case as to them to another county, and such removal was ordered by the court, and that the sheriff of Wake was ordered to deliver the bodies of these two to the sheriff of Franklin; all of which are acts and proceedings the existence of which cannot even be supposed without the presence of a judge of competent authority and jurisdiction. In addition to this, there is inserted in that part of the record, where the presence of the judge (414) is usually noted, the name of a gentlemen whom we know to be a judge of the Superior Courts; and when it is thus certified by the clerk that he was present at a Superior Court where all these attributes and functions of a judge were manifest and exercised, we cannot suppose that any private individual of the same name was accidentally present, whose presence the clerk should deem it necessary to record, and distinguish from that of the numerous persons usually attending. As to the power of the sheriff to open and adjourn the court from day to day until a judge shall attend, or until the third day, that is not a court in the usual meaning of the word, for its only effect is to prevent a discontinuance of the process, and give day to it as if the court had been duly held. 1806, ch. 194, sec. 2. It possesses no authority or jurisdiction whatever; it has no judge, and without the aid of the act cited the clerk could not even enter the formal continuances on the docket. On this objection, therefore, we feel convinced, beyond a personal or judicial doubt, that Wake Superior Court was held at the term by a gentleman who was then and is now one of the judges of the Superior Courts, and, consequently, that the indictment was taken before a court having cognizance.
The other objection is the defect of jurisdiction in Warren Superior Court for want of a transcript of the records of Franklin Superior Court, the clerk of the latter certifying only that the transcript transmitted to Warren is the same transcript which was transmitted from Wake to Franklin. This objection is founded on the act of 1806, ch. 693, sec. 12, which provides that when a cause is removed the judge is authorized to order a copy of the record of the said cause to be removed to some adjacent court for trial; and on the supplementary act passed the same year, which directs the clerk to transmit a *Page 230 
transcript of the record to the county to which the cause is removed. From both these clauses there can be no doubt the Legislature designed that the original record should remain in the court where the (415) cause originated; and on this head no alteration has been made by any of the subsequent acts on the subject. It must be determined by the certificate of the clerk of Franklin Superior Court whether he complied with this requisite of the act or not. The proceedings of Wake Superior Court are drawn out at full length and certified by the clerk of that court to be a correct transcript of the records of the case. This transcript was sent to Franklin Superior Court, received there, and entered upon the docket. When the case was removed to Warren Superior Court, the clerk of Franklin certified "that the foregoing copy contains a full and correct transcript of records filed and had in the case therein stated." "The foregoing copy" imports that there was an original from which it was made. As to part of the copy, the original must have consisted of the records sent from Wake, which, though a copy in itself, forms, in relation to the clerk of Franklin Superior Court, when he makes a copy from it to be sent to Warren, an original. "The foregoing copy" contains what? A full and correct transcript. Now "copy" and "transcript," when applied to a writing, signify precisely the same thing; and, therefore, any presumption or implication that the clerk of Franklin by the terms "foregoing copy" meant the copy as sent to them by the clerk of Wake is entirely repelled; for the amount of this certificate is that the foregoing copy contains a copy. This will appear still clearer upon a further analysis of this certificate. Of what is the copy a transcript or a copy? "Of records filed and had in the case therein stated." The "records filed" in the case were those sent from Wake; the "records had" were those transacted in the court of which he was an officer. How was it possible for him to certify that any record was filed in the clerk's office at Wake? So that, reddendosingula singulis, he sends a copy of what he has filed, viz., the papers received from Wake and a copy of what took place in (416) his own court. When the law has affixed a definite and well understood meaning to certain terms and phrases, it is an unsafe mode of reasoning to wander into other sciences in pursuit of other definitions which are sometimes equivocal and sometimes metaphorical. In a legal sense, copy signifies a transcript of an original writing, as a copy of a patent, of a chart, deed, etc., and to file a record is to deposit it among the archives of the court for the more safe keeping, or ready turning to the same; derived from filum, a thread or string on which writs or other exhibits in office were formerly filed. It seems, therefore, that the last objection is founded upon the *Page 231 
misapprehension of the clerk of Franklin's certificate, who does not appear to me to certify that the transcript transmitted to Warren is the same which was transmitted from Wake to Franklin. It is, therefore, the opinion of the court that the judgment be affirmed.